IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Hillebrand GORI USA, LLC**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:24-cv-11265 |
| | ) | |
| **Lentino Imports, LLC**, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Now comes the Plaintiff, Hillebrand GORI USA, LLC, by and through its attorney, Mary Louise Kandyba, Wilson Elser Moskowitz Edelman & Dicker, and for its Complaint against the Defendant, Lentino Imports, LLC, states as follows:

### ALLEGATIONS RELATING TO THE COURT'S JURISDICTION AND VENUE

1. Plaintiff is a Delaware LLC with its principal place of business in New Jersey. Plaintiff is engaged in the business of transportation, and provides global logistics services to the wine, beer and spirits industry.

2. The sole member of Plaintiff is DPWN Holdings (USA) Inc., an Ohio corporation with its principal place of business in Florida.

3. Defendant is a Wisconsin LLC with its principal place of business in Madison, Wisconsin. Defendant also operates its business at 5900 Howard Street, Skokie, Illinois. Defendant is engaged in the business of importing and selling wine and spirits in the United States.

4. The member of Defendant is Michael J. Lentino, who is a resident of the State of Illinois.

5. The amount in controversy in this action is in excess of $75,000, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this cause as it is between citizens of different states, and the amount in controversy is in excess of the statutory minimum.

7. Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in that the Defendant resides in the Northern District of Illinois. Alternatively, venue is proper under § 1391(b)(2) in that a substantial part of events underlying this claim occurred in Skokie, Illinois which is where the goods transported by Plaintiff were delivered to Defendant.

## **ALLEGATIONS RELATING TO THE CAUSE OF ACTION**

8. On or about March 13, 2024, Plaintiff and Defendant entered into a Release and Settlement Agreement relating to payment by Defendant for the freight and shipping services provided by Plaintiff. A true and correct copy of that Agreement is attached hereto as Exhibit A.

9. The agreement provided for the payment of $145,455.56 to Plaintiff for freight and shipping services rendered to Defendant, said payment to be made in monthly payments over time beginning on or before February 28. 2024.

10. Defendant has failed to make any of the payments required to be made by it under the Release and Settlement Agreement.

11. Plaintiff has served Defendant with all default notices required under the Release and Settlement Agreement, demanding payment in accordance with the terms of the Agreement.

12. As a result of Defendant's failure to make said payments, the full amount of the receivable is now due and owing to Plaintiff, plus interest, costs and reasonable attorney's fees incurred in the prosecution of this action.

WHEREFORE, the Plaintiff, Hillebrand GORI USA, LLC, prays for judgment against the Defendant, LENTINO IMPORTS, LLC, in the amount of $145,455.56, plus costs of this action, interest on the amount unpaid by Defendant, and reasonable attorney's fees incurred by Plaintiff in the prosecution of this cause.

      /s/ Mary Louise Kanyba
ATTORNEY FOR PLAINTIFF


Mary Louise Kandyba
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street
Suite 3800
Chicago, IL 60603
312-977-1919
ml.kandyba@wilsonelser.com

# RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT ("Agreement") is entered into between Lentino Imports LLC ("Customer") and Hillebrand Gori USA LLC fka Giorgio Gori USA, Inc. ("Hillebrand"). Together Hillebrand and Customer may be referred to as "the Parties."

**WHEREAS** Hillebrand performed certain freight and shipping services for Customer ("Services"), and

**WHEREAS**, Hillebrand alleges that Customer failed to pay Hillebrand for the Services and has an unpaid receivable of $145,455.56 ("Receivable Amount") per Appendix A, and

**WHEREAS**, to avoid the time, expense and uncertainty of litigation and without regard to the merits of any claims and defenses asserted or which could have been asserted by either party hereto, Hillebrand and Customer desire to resolve fully and finally any and all claims and/or disputes, whether known or unknown, arising from or relating to the Services and the Receivable Amount on the terms set forth in this Agreement and without any admission of wrongdoing or liability by either Party.

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, the Parties agree as follows:

1. **Settlement Payment** –Customer will pay the full Receivable Amount to Hillebrand as follows:
   - Not less than $13,325.00 monthly starting on or before February 28, 2024 until paid in full.
   - All payments shall be made by bank wire, ACH or other electronic payment pursuant to instructions to be provided by Hillebrand.

In the event payment is not made to Hillebrand as and when required under this Agreement and Customer fails to cure such default within 3 business days after receiving electronic notice from Hillebrand of such default, then the full balance of the total Receivable Amount remaining will be immediately due and payable and Hillebrand may bring legal action for enforcement of this Agreement without need for further demand for payment. Further, should Hillebrand have to send more than 3 default notices regarding non-payment to Customer, then the full balance of the Receivable Amount remaining will be immediately due and payable and Hillebrand may bring legal action for enforcement of this Agreement without need for further demand for payment.

Customer may pay the entire balance of the Payment any time before it is paid in full without penalty.

2. **Mutual Release**: Customer releases and discharges Hillebrand and its affiliates, divisions, parent corporations, subsidiaries and related entities' partners, officers, directors, shareholders, members, agents, insurers, attorneys, employees, representatives, assigns, predecessors and successors in interest ("Hillebrand Released Parties") from all claims, demands, actions, causes

Exhibit A

of action, rights, damages, and all liability of whatever nature, whether known or unknown, foreseen or unforeseen which they currently have arising out of, resulting from, or in any way related to the Services and Receivable Amount ("Customer Released Claims").

Hillebrand releases and discharges Customer and its affiliates, divisions, parent corporations, subsidiaries and related entities' partners, officers, directors, shareholders, members, agents, insurers, attorneys, employees, representatives, assigns, predecessors and successors in interest ("Customer Released Parties") from all claims, demands, actions, causes of action, rights, damages, and all liability of whatever nature, whether known or unknown, foreseen or unforeseen which they currently have arising out of, resulting from, or in any way related to the Services and/or Receivable Amount ("Hillebrand Released Claims").

Notwithstanding the foregoing, claims concerning the enforcement of this Agreement are not released.

**3. Ongoing Business.** During the pendency of this Agreement and for a time thereafter as solely determined by Hillebrand, any Customer shipments utilizing Hillebrand services will be done only on terms requiring payment upon arrival at port of discharge. Should any such payment not be made, Hillebrand reserves the right to refuse to arrange for release of the container(s) involved in the shipment and Customer will be additionally liable for any detention and/or storage charges prior to pick-up or delivery of that Customer shipment.

**4. Hillebrand Specific Representation and Warranty.** Hillebrand represents and warrants that it has all right, title and interest in the Receivable Amount and has sole authority to resolve all claims against the Customer Released Parties related to the Services and/or Receivable Amount.

**5. Bankruptcy/Preference Claims**: Should Customer file for bankruptcy or dissolution within ninety (90) days of any payment set forth herein, Hillebrand reserves the right to file a proof of claim for the full balance of the total Receivable Amount remaining. Further, to the extent permitted by law, Customer agrees to waive the right to make any preference claim for payments already made.

**5. Advice of Counsel, Reading and Execution**: It is expressly understood and agreed by the Parties hereto that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. The Parties further agree that they have read this Agreement in its entirety; that they fully understand all of its terms and their significance; and that they have signed it voluntarily.

**6. Confidentiality:** As further consideration for entering this Agreement, the Parties agree that this Agreement and its terms, conditions and details shall be kept strictly confidential and further agree not to disclose, or cause to be disclosed, any of the terms, conditions and/or details of this Agreement, either directly or indirectly, to any person or entity, except as **(i)** required by law, **(ii)** necessary to enforce or litigate any provision of this Agreement or to obtain any reimbursement for costs or attorneys' fees incurred, **(iii)** necessary to obtain tax or legal advice,

(iv) the disclosing Party first obtains prior written consent of the other Party or (v) to the other Released Parties.

7. **Entire Agreement:** This Agreement constitutes the final agreement and understanding of the Parties on the subject matter hereof. The Parties acknowledge that they have not relied on any warranties, representations or promises except as expressly set forth in this Agreement and that no other written, oral and/or implied representations, promises or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement may not be altered, amended, modified or otherwise changed except in writing executed by the undersigned or their duly authorized representatives and shall be for the benefit of, and shall bind, and inure to the benefit of all parties hereto and their respective heirs, executors, administrators, successors and assigns.

8. **Authorization**: The undersigned hereby represent and warrant to each other that this Agreement has been duly authorized, executed and delivered by a person authorized to do so in accordance with the governing documents of such Party, and that this Agreement is the legal, binding and enforceable obligation of such Party.

9. **Governing Law and Interpretation**: This Agreement shall be governed by and interpreted in accordance with the laws of the State of New Jersey excluding its conflicts of laws principles. Its language shall be construed as a whole, according to its fair meaning, and not for or against either party, regardless as to which party may have drafted the language in question.

10. **Disputes:** In the event of a dispute as to the interpretation, application or violation of this Agreement, it is understood and agreed that such dispute shall be resolved by a judge, not by a jury. THE PARTIES VOLUNTARILY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH DISPUTE. In the event that either Party is required to bring a legal action against the other in order to enforce the terms of this Agreement, whichever Party prevails in such action shall be entitled to collect its reasonable costs incurred therein, including reasonable attorneys' fees, from the non-prevailing Party

11. **Severability:** If any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

12. **Counterparts:** This Agreement may be executed in counterparts, each of which shall be deemed an original and taken together shall constitute one and the same instrument. This Agreement may be executed by facsimiles signature(s).

13. **No Admissions:** This Agreement is not an admission of liability on the part of any of the Parties but a negotiated settlement for any and all claims the Parties may have concerning the Dispute.

Exhibit A

**14. Captions:** Captions in this Agreement are inserted for convenience of reference and do not define, describe, or limit the scope or intent of this Agreement or any of its terms.

**15. No Presumptions:** No inference, assumption, or presumption shall be drawn from the fact that a party or his or her attorney prepared and/or drafted this Agreement. It shall be conclusively presumed that all parties participated equally in the preparation and/or drafting of this Agreement.

In the event that any of the Parties has breached any representations and warranties set forth in this Agreement, then that Party shall indemnify and hold harmless the other Parties from and against all third party claims, liability, loss, damages, or expense, including attorneys' fees, arising from such failure or violation.

INTENDING TO BE LEGALLY BOUND, the Parties have executed this Agreement on the dates stated below.

**Hillebrand Gori USA LLC**

By _____
Thomas Calibeo, Vice President & Chief Financial Officer
Date: 2/21/2024

**Customer**

By _____
Printed Name/Title: Michael J Leanno / Owner
Date: 3/13/24

Exhibit A

Case: 1:24-cv-11265 Document #: 1 Filed: 10/31/24 Page 8 of 8 PageID #:8

Exhibit A

| InvoiceNumber | InvoiceDate | InvoiceDueDate | Amount | FileRef | InvoiceDescription |
|---|---|---|---|---|---|
| USH220016422 | 02-06-2022 | 02-06-2022 | $ 8,657.00 | | |
| USH220030558 | 03-10-2022 | 03-10-2022 | $ 13,892.90 | | |
| USH220020195 | 06-07-2022 | 06-07-2022 | $ 550.00 | | |
| USH220021738 | 07-20-2022 | 07-20-2022 | $ 13,066.38 | | |
| USH220021765 | 07-20-2022 | 07-20-2022 | $ 11,750.53 | | |
| USH220025676 | 08-24-2022 | 08-24-2022 | $ 7,257.37 | | |
| USH220034877 | 09-11-2022 | 09-11-2022 | $ 12,524.00 | | |
| USH220029129 | 09-27-2022 | 09-27-2022 | $ 13,360.31 | | |
| USH220031506 | 12-10-2022 | 12-10-2022 | $ 12,326.33 | | |
| USH220040175 | 12-29-2022 | 12-29-2022 | $ 12,763.00 | | |
| USH230008216 | 03-27-2023 | 03-27-2023 | $ 10,297.00 | | |
| 5532301345 | 05-30-2023 | 05-30-2023 | $ 6,632.36 | ITL-USP-2305-0008 | AS PER QUOTE-SUSR062475 |
| 5532301377 | 06-01-2023 | 06-01-2023 | $ 8,105.70 | ITL-USP-2305-0010 | AS PER QUOTE-SUSR062958 |
| 5532301915 | 07-14-2023 | 07-14-2023 | $ 1,000.00 | ITL-USP-2305-0008 | demurrage charges for this container |
| 5312322068 | 07-24-2023 | 07-24-2023 | $ 550.00 | USR-SF-2307-0003 | |
| 5312323853 | 07-31-2023 | 07-31-2023 | $ 375.00 | ITL-USP-2305-0010 | |
| 5312323851 | 07-31-2023 | 07-31-2023 | $ 265.00 | ITL-USP-2305-0008 | |
| USH230010961 | 08-05-2023 | 08-05-2023 | $ 310.00 | | |
| USH230003955 | 09-02-2023 | 09-02-2023 | $ 10,902.68 | | |
| USH230000702 | 10-01-2023 | 10-01-2023 | $ 440.00 | | |
| USH230000704 | 10-01-2023 | 10-01-2023 | $ 265.00 | | |
| USH230004088 | 10-02-2023 | 10-02-2023 | $ 165.00 | | |
| | | | $ 145,455.56 | | |

Exhibit A